**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Robert H.,**
**Petitioner Below, Petitioner**

**vs.)   No. 19-0699** (Berkeley County 18-D-150)

**Jessica M.,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**


Petitioner Robert H.,[1] self-represented litigant, appeals the June 17, 2019, order of the Circuit Court of Berkeley County denying his appeal from the May 28, 2019, order of the Family Court of Berkeley County that entered judgment in the amount of $4,900.36 for past due child support owed by petitioner. Respondent West Virginia Bureau of Child Support Enforcement ("the BCSE"), by counsel Jonathan M. Burton, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The record is sparse,[2] but we glean the following: The parties have two minor children

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner's appendix consists of only twenty-nine pages of documents which do not (continued . . .)

1

together. Respondent and the children live in the State of New York, and petitioner lives in Berkeley County, West Virginia. From January 1, 2012, to July 31, 2018, petitioner's child support obligation was $470 per month. Since August 1, 2018, petitioner's child support obligation has been $379 per month, due to a court-ordered modification. Petitioner is also required to pay a minimum of an additional $100 per month to reduce the amount of his child support arrearages.[3]

On March 25, 2019, the BCSE filed motion for a decretal judgment for past due child support payments owed by petitioner. Petitioner filed a response to the motion on April 1, 2019, alleging that he was arrears in the amount of $3,307.97 and that he was owed a credit in the amount of $2,274 for payments made during the period of August 1, 2018, to January 31, 2019.

At a May 2, 2019, hearing, the family court entered judgment against petitioner in the amount of $4,900.36, rejecting his testimony that the correct amount was $3,307.97, because petitioner "provided no accounting to illustrate how he calculated the figure he allege[d] . . .[,] nor has he offered any credible evidence that [the] balances [sic] alleged by the [BCSE were] incorrect." The family court memorialized the judgment in a May 28, 2019, order.

On June 5, 2019, petitioner appealed the family court's May 28, 2019, order and requested oral argument. By order entered on June 6, 2019, the circuit court directed petitioner to provide it with the audio-visual recordings of "all [relevant] proceedings before the family court," to which petitioner complied.

By order entered on June 27, 2019, after reviewing the recordings, the circuit court denied the appeal. The circuit court found that while petitioner contended that he made child support payments from August 1, 2018, to January 31, 2019, in the total amount of $2,274, that claim was not supported by the record. Accordingly, the circuit court found that the family court did not commit error "to credit the [BCSE]'s fully documented accounting over [petitioner]'s claim for an

_____

include the BCSE's accounting of the amount petitioner owed in past due child support. While petitioner submitted the audio-visual recordings of the family court proceedings to the circuit court for its review, the recordings were not included in the appendix to this Court. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." *See State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994) (stating that we "take as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim"). Therefore, we disregard any argument based on materials not included in petitioner's appendix, including his contention that the family court refused to consider his evidence that the BCSE's calculations were erroneous.

[3]Petitioner previously owed more in past due child support than the $4,900.36 judgment awarded. A December 12, 2018, BCSE arrearage computation sheet reflects that petitioner made a $10,000 payment toward the arrearage on October 9, 2018.

undocumented credit."

Petitioner now appeals the circuit court's June 27, 2019, order denying petitioner's appeal from the family court's May 28, 2019, order. We review circuit court orders denying appeals from family court orders under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner argues that the circuit court erred in not allowing him to present oral argument prior to denying his appeal. Rule 31(c) of the West Virginia Rules of Practice and Procedure for Family Court provides, in pertinent part, that "[i]f a petition for appeal is granted," and if oral argument is requested in writing, "the granting order shall set forth a date and time for oral argument." Pursuant to Rule 31(c), we find that the circuit court was not required to hold oral argument because it denied the appeal.

Petitioner argues that the family court erred in entering judgment against him in the amount of $4,900.36 because he made child support payments in the amount of $379 per month for the period from August 1, 2018, to January 31, 2019. The BCSE counters that the family court properly rejected petitioner's argument that its calculations were erroneous. We agree with the BCSE.

"An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Here, the family court found that petitioner failed to present "any credible evidence that [the] balances [sic] alleged by the [BCSE were] incorrect." We concur with the circuit court's finding that the family court did not commit error "to credit the [BCSE]'s fully documented accounting over [petitioner]'s claim for an undocumented credit." Accordingly, we conclude that the circuit court's denial of petitioner's appeal from the family court's decretal judgment for past due child support payments was proper.

For the foregoing reasons, we affirm the circuit court's June 27, 2019, order denying petitioner's appeal from the family court's May 28, 2019, order.

Affirmed.

**ISSUED:** June 25, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4